UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHNNIE WALTERS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | CASE NO.   C05-0854-JCC <br> (CR04-087-JCC) <br><br> REPORT AND RECOMMENDATION |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently incarcerated at USP Victorville in Adelanto, California. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2004 federal court sentence. Respondent has filed a response opposing petitioner's motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

## BACKGROUND

On March 2, 2004, pursuant to a plea agreement entered into with the government, petitioner pleaded guilty to a charge of causing the production of false identification documents. (CR04-87JCC,

REPORT AND RECOMMENDATION
PAGE - 1

Dkt. Nos. 5 and 6.) As a part of the plea agreement, the parties stipulated that petitioner would receive enhancements under the United States Sentencing Guidelines for relocating to another jurisdiction and for unauthorized use of one form of identification to obtain another. (CR04-87JCC, Dkt. No. 5 at 4.) Consistent with the agreement of the parties, the presentence report calculated an offense level of 12, which included a two level downward departure for acceptance of responsibility, and a criminal history category of V, with a resulting guideline range of 27 to 33 months. (*See* Dkt. No. 2 at 3.) On April 30, 2004, petitioner was sentenced to a term of 27 months confinement and judgment was entered on May 3, 2004.[1] (CR04-87JCC, Dkt. Nos. 12-13.) Petitioner did not appeal his sentence and his conviction therefore became final ten days after judgment was entered in his case, on or about May 14, 2004.

Petitioner now seeks relief from his sentence under § 2255. Petitioner argues in his motion that his sentence was imposed in violation of his Sixth Amendment rights because the sentencing scheme under which he was sentenced was mandatory in nature. Petitioner asserts that he is entitled to come back before the Court for re-sentencing under a sentencing scheme which passes constitutional muster. Petitioner relies upon the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), to support his claim.

The government, in its response to petitioner's motion, argues that the motion should be denied because (1) the decision in *Booker* should not be applied retroactively, and (2) the *Booker* claim is not available to petitioner because he procedurally defaulted on the claim by failing to raise the claim before the district court prior to sentencing or on direct appeal.

---

[1] At the time petitioner entered his plea agreement in CR04-87JCC, petitioner also admitted to eight violations of his supervised release in a prior criminal case, CR98-704JCC. (*See* CR98-704JCC, Dkt. No. 68; CR04-87JCC, Dkt. No. 6.) Petitioner was sentenced in the two cases at the same time. (*See* CR98-704JCC, Dkt. No. 70; CR04-87JCC, Dkt. No. 12.) Petitioner received an eight month sentence in CR98-704JCC.

## DISCUSSION

On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Id*. at 2535. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id*. The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. The Court explained that "the statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id*. at 2537 (emphasis in original).

On January 12, 2005, the Supreme Court issued its ruling in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*, applies to the Federal Sentencing Guidelines. *Id*. at 745. The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act which made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus rendering the guidelines effectively advisory. *Id*. at 764-5.

The Ninth Circuit recently held that *Blakely* does not apply retroactively to cases on collateral review. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005); *accord*, *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005). In addition, all of the circuit courts that have considered whether *Booker* applies retroactively have held that it does not. *See Never Misses a Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th

1  Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). The reasoning expressed by the Ninth Circuit in *Schardt* applies with equal force in the *Booker* context. Thus, the government is correct in its assertion that petitioner may not rely on *Booker* in his § 2255 motion. Because this disposes of petitioner's claim that he is entitled to be resentenced under the statutory scheme as set forth in *Booker*, the Court need not address the government's alternative argument that petitioner procedurally defaulted on this claim.

## CONCLUSION

For the reasons set forth above, petitioner's § 2255 motion must be denied. A proposed order accompanies this Report and Recommendation.

DATED this 29th of August, 2005.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4